# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES GIBBONS | * | |
| Plaintiff, | * | |
| | | Civil Action No.: |
| v. | * | |
| HARBOR FREIGHT TOOLS USA, INC. | * | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight"), by and through it undersigned counsel, and pursuant to 28 U.S.C §§ 1332, 1441, 1446 and Local Rule 103.5, hereby gives notice of removal of this action from the Circuit Court for Prince George's County to the United States District Court for the District of Maryland, Southern Division. In support of this Notice of Removal, Harbor Freight states the following:

## GROUNDS FOR REMOVAL

1. Removal is proper based on the diversity of citizenship between the parties.

2. On July 29, 2022, Plaintiff James Gibbons filed this personal injury action in the Circuit Court for Prince George's County, titled as *James Gibbons v. Harbor Freight Tools USA, Inc.*, Case No. CAL22-21942. *See* Exhibit 1.

3. Plaintiff alleges that on or about February 27, 2022, he suffered injuries on the premises of Harbor Freight's parking lot in Waldorf, Maryland and asserts one count of negligence against Harbor Freight.

4. Plaintiff is a citizen of Maryland.

5. For purposes of diversity of citizenship, a corporation is deemed to be a citizen of both the states of its incorporation and the state where it has its principal place of business. *See* 28 U.S.C § 1332(c)(1).

6. Harbor Freight, the sole Defendant, is a corporation organized under the laws of Delaware and has its principal place of business in California.

7. Plaintiff and Harbor Freight are the only parties to this action.

8. Plaintiff contends that Harbor Freight is liable to him for damages stemming from the February 27, 2022, incident and seeks compensatory damages in excess of $75,000, plus interest and costs. Accordingly, the amount in controversy meets the jurisdictional threshold set forth under 28 U.S.C § 1332(a).

9. This Court has jurisdiction over this action pursuant to 28 U.S.C § 1332(a)(1) because there is complete diversity between the parties, and the case meets the amount in controversy requirement. Thus, removal is proper under 28 U.S.C § 1441.

10. Venue is proper in this Court under 28 U.S.C §§ 1391 and 1446(a) because this Court is located in the federal judicial district that includes the Circuit Court for Prince George's County, where the Plaintiff initially filed his Complaint.

11. Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" Harbor Freight received a copy of Plaintiff's Complaint on August 26, 2022. Therefore, this Notice of Removal is timely filed.

12. Pursuant to 28 U.S.C § 1446(a), contemporaneously with the filing of this Notice of Removal, Harbor Freight has filed a true and correct copy of the process, pleadings, orders, and documents served upon it in this case. *See* Exhibit 2.

13. Pursuant to Local Rule 103.5, Harbor Freight will file true and legible copies of all other documents filed in the state court litigation within thirty days of the filing of this Notice of Removal, as well as a certification from undersigned counsel that all filing in the state court action have been filed in this Court.

14. In accordance with 28 U.S.C § 1446(d), Harbor Freight has filed, contemporaneously with this filing, a copy of this Notice of Removal in the Circuit Court for Prince George's County and has served Plaintiff with a copy of this Notice of Removal. *See* Exhibit 3.

15. By filing this Notice of Removal, Harbor Freight does not waive any defenses that may be available to it.

WHEREFORE, Defendant Harbor Freight Tools USA, Inc. respectfully requests that this action be removed from the Circuit Court for Prince George's County to the United States District Court for the District of Maryland Southern Division pursuant to 28 U.S.C § 1441(a).

Respectfully submitted,

/s/ Thomas P. Bernier
Thomas P. Bernier (Bar No.02141)
David J. Quigg (Bar No. 26401)
Scott J. McDowell (Bar No. 29633)
DeHay & Elliston LLP
36 South Charles Street, Ste 1400
Baltimore, Maryland 21201
(410) 783-7225 (phone)
(410) 783-7221 (facsimile)
dquigg@dehay.com
tbernier@dehay.com
smcdowell@dehay.com

*Attorneys for Defendant,
Harbor Freight Tools*

## CERTIFICATE OF NOTICE OF REMOVAL

I certify that the foregoing Notice of Removal of this action to the United States District Court for the District of Maryland Southern Division was filed with the Circuit Court for Prince George's County on the 23rd day of September 2022.

/s/ Thomas P. Bernier
Thomas P. Bernier

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 23, 2022, I caused a copy of the foregoing Notice of Removal to be served by electronic submissions via CM/ECF, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maryland, to all counsel of record.

*/s/ Thomas P. Bernier*
Thomas P. Bernier